**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,**

v.

**ELGIN TEACHERS
ASSOCIATION, Defendant.**

No. 86 C 6775.

United States District Court,
N.D. Illinois, E.D.

April 13, 1987.

Carol Cresswell Moschandreas, Washington, D.C., for plaintiff.

Gerald C. Peterson, Winston & Strawn, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Equal Employment Opportunity Commission ("EEOC") initially sued Elgin Teachers Association ("Association") and the Board of Education of District U–46 ("Board") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 ("Title VII").[1] EEOC alleged Association and Board had entered into a collective bargaining agreement under which employees disabled because of pregnancy were treated less favorably than those disabled for other reasons. EEOC's Complaint ¶ 9 said it sought relief only from Association but joined Board as a defendant under Fed.R. Civ.P. ("Rule") 19(a).

On December 24, 1986 this Court granted a motion to dismiss Board as a defendant under Rule 12(b)(1), finding (in an oral bench ruling) Section 2000e–5(f)(1) authorized only the Attorney General (not EEOC) to sue a governmental agency such as Board. Now Association moves for dismissal of this action under Rule 12(b)(7), urging Board is an "indispensable" party within the meaning of Rule 19(b). For the reasons stated in this memorandum opinion and order, Association's motion is denied.

### Background[2]

Association is a labor organization and the negotiating agent for Board's employ-

---

**1.** All further citations to sections of Title VII will take the form "Section—."

**2.** There is no factual dispute between the litigants for current purposes. References to the Complaint will take the form "¶ —," and refer-

ees—its certified teachers (¶¶ 4 and 5). Board is an agency of the State of Illinois charged with maintaining a system of public schools for the areas within District U–46 (¶ 6). Association and Board entered into a 1981–83 collective bargaining agreement (the "1981 Agreement") (Answer ¶ 1).

On June 12, 1982 Association member Colleen Briner-Schmidt ("Briner-Schmidt") filed an EEOC charge against Association (EEOC Charge 051823177), asserting Association had refused to help her collect disability pay from Board in March 1982 for time off work due to pregnancy (*id.*). Association's reason, Briner-Schmidt alleged, was the provision of the 1981 Agreement under which teachers on pregnancy leave (as opposed to those on sick leave for other reasons) could not collect disability pay until or unless they returned to work on a full-time basis (*id.*). Thus Briner-Schmidt charged Association with discrimination by (EEOC's March 17, 1983 Determination):

1. refusing to represent her in a grievance regarding disability benefits; and

2. accepting and then enforcing a discriminatory policy in the 1981 Agreement.[3]

Briner-Schmidt filed a separate discrimination charge against Board. EEOC investigated those charges and in March 1983 found reasonable cause to believe both Board and Association had discriminated against Briner-Schmidt and other females as a class with respect to benefit and leave policies in the 1981 Agreement (*id.*).

In August 1983 Association and Board renegotiated the 1981 Agreement. Effective August 19, 1983 they removed the allegedly discriminatory language from the 1983–85 collective bargaining agreement ("1983 Agreement") (Answer, 3d Defense ¶ 6).[4]

On September 12, 1983 EEOC ceased conciliation efforts with Association and Board (Answer, 3d Defense ¶¶ 7–8). EEOC then forwarded Board's file to the Attorney General. Neither he nor Briner-Schmidt (to whom the Attorney General issued a right-to-sue letter) elected to bring an action against Board. On September 9, 1986 EEOC filed this action.

### Rule 19(b)

It may be assumed at the outset Board is an entity that, under Rule 19(a), should be joined in this action "if feasible":[5] It was a party to the 1981 Agreement that contained the allegedly discriminatory disability provision. What is now at issue is whether, because the statute precludes such joinder of Board as a defendant in this EEOC-initiated lawsuit (a classic example of joinder being "not feasible," as the caption of Rule 19(b) puts it), the action should be dismissed. On that score Rule 19(b) provides:

> If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the

ences to Association's Answer will take the form "Answer ¶ —".

3. For the present it is unnecessary to examine the 1981 Agreement's allegedly discriminatory provision. Association denies the agreement discriminated against women disabled because of pregnancy.

4. According to EEOC Mem. 3, that agreement is still in effect.

5. EEOC Mem. 1 mistakenly characterizes that as involving a determination that "Board is a necessary party within the meaning of Rule 19(a)."

Actually the word "necessary" does not appear anywhere in Rule 19(a)—a deliberate omission, for as 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1604, at 36 (1986) (footnote omitted) explains:

> [T]he necessary party label has been eliminated to emphasize that the real purpose of this rule is to bring before the court all persons whose joinder would be desirable for a just adjudication of the action and the term "indispensable" is used in Rule 19(b) only in a conclusory sense.

judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Analysis of the Rule 19(a) factors necessarily depends on precisely what relief EEOC seeks from Association. Here is what the Complaint asks for:

1. a permanent injunction enjoining Association and "all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex";

2. an order requiring Association "to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices"; and

3. an order requiring Association to provide back pay with prejudgment interest and other necessary affirmative relief to those affected by the discriminatory disability plan.

EEOC Mem. 3 n. ** says EEOC was unaware, when it filed the Complaint, that the 1981 Agreement was no longer in effect and that the 1983 Agreement did not contain the allegedly discriminatory disability provision.[6] EEOC Mem. 4 now concedes Association is no longer discriminating against pregnant teachers through the

challenged provision of the 1981 Agreement. Instead Association is now bound to an Agreement that does not contain that discriminatory provision. That being so, EEOC has no reasonable expectation the discrimination will be repeated, rendering EEOC's claim for injunctive relief moot (*DeFunis v. Odegaard*, 416 U.S. 312, 318, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974) (per curiam)).[7]

Thus the only claim EEOC has against Association is for money damages to compensate the alleged victims for lost back pay.[8] With that in mind, this opinion turns to the relevant Rule 19(b) factors to "determine whether in equity and good conscience" this action should proceed in Board's absence.

### Adequacy of the Judgment in Board's Absence

To avoid the risk of further litigation, a court should consider dismissing an action where complete relief cannot be awarded in the absence of a necessary party (7 Wright & Miller, § 1608, at 115–16 (1986)). Citing to cases where unions were charged with breaching their duty of fair representation, Association Mem. 10 (emphasis in original) asserts a judgment rendered in Board's absence would not be adequate because:

Association is liable only for the *increase* in damages caused by its actions. Thus any back pay awarded would not be "adequate" to make the alleged victims whole.[9]

---

6. EEOC says it learned that later through Association's Answer. Nonetheless, EEOC still urged in response to Board's motion to dismiss—even after the Answer had been filed—that Board was a "necessary" party under Rule 19(a) because EEOC sought rescission of the allegedly discriminatory provision in the 1981 Agreement.

7. EEOC Mem. 4 really admits as much when it says:

No injunctive relief is necessary because any prior CBA [collective bargaining agreement] is no longer in effect.

Having recognized that, however, EEOC Mem. 4 then says it is precisely because Association is no longer discriminating against pregnant teachers that this Court may "enjoin any present or future discrimination by [Association]...." That makes no sense at all. Even more illogical

is Association's argument (at its Mem. 6, 8 and 10) that this action should be dismissed because EEOC seeks rescission of the already-rescinded provisions in the 1981 Agreement.

8. There is no hint that any relief is necessary "to eradicate the effects" of the earlier—now eliminated—provision. That renders equally moot the second kind of relief sought in the Complaint.

9. [Footnote by this Court] Association Mem. 7 reasons:

1. Association is liable only if this Court finds Board is guilty of discrimination *and* Association acquiesced in that discrimination.

2. Even then, Board is liable for damages caused by its actions, leaving Association liable only for the increase in damages caused by its actions.

But EEOC R.Mem. 6 correctly points out Association's reliance on the duty-of-fair-representation cases is misplaced. In those cases unions were charged with permitting (for impermissible reasons) an *employer's* discriminatory act to go unchallenged, thereby causing further damage to the employee. In that situation courts have followed the apportionment-of-damages rule set out in *Vaca v. Sipes*, 386 U.S. 171, 197–98, 87 S.Ct. 903, 920–21, 17 L.Ed.2d 842 (1967):

> The governing principle, then, is to apportion liability between the employer and the union according to the damage caused by the fault of each. Thus, damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer.

By contrast, Association is not charged simply with acquiescing in Board's discriminatory act. Instead EEOC alleges Association and Board acted *together* to discriminate against pregnant teachers by entering into a discriminatory agreement. There is no more reason to limit recovery against Association by some apportionment theory than there is to do so in any other joint tortfeasor situation. Indeed Title VII doctrine renders Association jointly and severally liable for any damages flowing from the allegedly discriminatory provision in the 1981 Agreement (*Guerra v. Manchester Terminal Corp.*, 498 F.2d 641, 655–56

(5th Cir.1974); *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1381–82 (5th Cir.1974)).[10]

Thus even though Board was a party to the 1981 Agreement, this Court may hold Association fully liable for all the damages flowing from the allegedly discriminatory disability provision in that agreement. EEOC Mem. 7 is therefore right in saying this Court may grant EEOC the full relief it seeks even in Board's absence. Dismissal is not warranted based on the inadequacy-of-relief consideration in Rule 19(b).[11]

### Inadequacy of Remedy If This Action Were Dismissed

Were this Court convinced EEOC would have an adequate remedy somewhere else if the action were dismissed, that would weigh in favor of Rule 19(b) dismissal. In *EEOC v. Oak Park Teachers' Association*, No. 85 C 8158, slip op. (N.D.Ill. Dec. 31, 1985) [Available on WESTLAW, DCT database], a case strikingly similar to this one, this Court's colleague Judge James Moran found dismissal appropriate for just that reason (slip op. at 4):

> Perhaps the Board could be dismissed and this action could continue were it the only vehicle for redressing the claimed violations. Rule 19, however, counsels that one factor, in considering dismissal, is the adequacy of the plaintiff's remedy if the action is dismissed for non-joinder. [EEOC] can, with leave of court, intervene against [Association] in the earlier action, *EEOC v. Missouri Pacific Rail-*

---

Later Association R. Mem. 10 (emphasis in original) goes even further, urging Association is not liable for *any* damages for lost disability pay:

> Here it is undisputed that the School Board withheld the pay and enjoyed the benefits of withholding such pay. Thus, it is *solely* liable for the disability pay.

As the text shows, Association is wrong on all counts.

**10.** *Vaca* 386 U.S. at 197 n. 18, 87 S.Ct. at 920 n. 18 (citations omitted) recognized (and distinguished because of the unique aspects of breach-of-fair-representation lawsuits) a similar joint-and-several rule under the labor laws:

> We are not dealing here with situations where a union has affirmatively caused the employer to commit the alleged breach of contract.

In cases of that sort where the union's conduct is found to be an unfair labor practice, the NLRB has found an unfair labor practice by the employer, too, and has held the union and the employer jointly and severally liable for any back pay found owing to the particular employee who was the subject of their joint discrimination.

**11.** Association Mem. 9–11 also argues relief will not be adequate in Board's absence because:

1. Association cannot unilaterally modify the (already modified) 1981 Agreement.

2. Any affected employees would not be "made whole" because that money would come from the employees' own Association dues (Association Mem. 10 relegates that argument to a footnote).

Neither argument really merits a response.

road Co., 493 F.2d 71, 75 (8th Cir.1974), where its interests can be fully heard.

That is not, however, the situation here. Were this Court to dismiss the action because Board cannot be joined as a party, EEOC Mem. 8 n.* says (quite correctly) it would have no alternative remedy. Accordingly, consideration of that factor counsels against dismissal.

### Prejudice to Board or the Parties

Under Rule 19(b) this Court must consider dismissing this action, rather than permitting it to continue in Board's absence, if its continuation would prejudice either Board or Association. As for what constitutes prejudice, the Advisory Committee Notes to the current version of Rule 19(b) (its 1966 amendment) explain (citations omitted):

> The first factor brings in a consideration of what a judgment in the action would mean to the absentee. Would the absentee be adversely affected in a practical sense, and if so, would the prejudice be immediate and serious, or if so, would the prejudice be immediate and serious, or remote and minor? The possible collateral consequences of the judgment upon the parties already joined are also to be appraised. Would any party be exposed to a fresh action by the absentee, and if so, how serious is the threat?

EEOC Mem. 4 focuses on one form of possible prejudice: the risk that Board or Association would face inconsistent obligations were this action to continue in Board's absence. It concludes there is no such risk and therefore no prejudice to Board or Association:

> Such a conflict might arise if in remedying the discrimination the court sought to enjoin practices required by the terms of a CBA [collective bargaining agreement], but did not have all parties to that agreement before it. That is not an issue here. Under the facts of this case, neither the Board nor the Association will face inconsistent obligations should this Court impose liability upon [Association] for violating Title VII.

Association Mem. 7 responds Association will be prejudiced by Board's absence because Association will have to bear alone, rather than to share with Board, the burden of any damage award.

*Liberles v. County of Cook,* 709 F.2d 1122, 1134–35 (7th Cir.1983) teaches that burden cannot constitute "prejudice" in the Rule 19(b) sense, because Association has no right to contribution from Board under Title VII. In *Liberles* a class of black employees successfully sued the Cook County Department of Public Aid and the Illinois Department of Public Aid under Title VII and the Equal Pay Act. Defendants argued on appeal that plaintiff should have joined the federal government under Rule 19(a) because it was a joint tortfeasor. Because defendants sought dismissal on that ground, our Court of Appeals examined (and then rejected) the notion the federal government had been an indispensable party (709 F.2d at 1134–35, citations omitted):

> Even if it were true that the federal government is a joint tortfessor, defendants have not established its indispensability. Plaintiffs have received complete relief. The defendants are not threatened by multiple or inconsistent judgments. Defendants' only remaining Rule 19 argument is that the federal government could be jointly liable,.... The fact that the federal government could be liable, however, does not establish defendants' entitlement to contribution from the federal government. In *Northwest Airlines, Inc. v. Transport Workers Union,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981), the Supreme Court concluded that Title VII joint tortfeasors are not entitled to contribution. In *Northwest Airlines* the Court held that, even assuming that a union bears significant responsibility for discriminatory practices, 451 U.S. at 90, 101 S.Ct. at 1579–80, Title VII does not contain an implied right to contribution, 451 U.S. at 95, 101 S.Ct. at 1582. Similarly, the defendants here have no implied right to contribution from the federal government even if it did bear a significant responsibility for defendants' discrimina-

tory practices. Thus, defendants were not prejudiced by the failure to join the federal government as an indispensable party.[12]

Those principles apply with equal force here. Association will suffer no "prejudice" in Rule 19(b) terms if it is held solely liable (in Board's absence) for its discriminatory acts.[13]

### Association's Contentions

In the face of the adverse impact of Rule 19(b)'s stated considerations, Association advances three arguments (for the most part irrelevant) in support of its motion to dismiss:

1. Association is not liable for all or any of the damages EEOC seeks.

2. Only the Attorney General (not EEOC) may sue Association under Title VII because Board, a governmental body, is jointly responsible for the alleged discrimination.

3. For policy reasons EEOC should not be permitted to sue Association when the Attorney General has elected not to sue Board.

None of these arguments is really germane to the question now before this Court: whether Board's absence as such requires dismissal of this action against Association.

Association Mem. 7–8 and R.Mem. 10–11 disguises the first argument (nonliability) as one of prejudice. In effect, it asserts that if this action is not dismissed Association will be prejudiced because it is not liable for the damages EEOC seeks. Of course under Rule 19(b) the issue is what, if any, prejudice will flow *from the Board's absence*. Association's ability to deny liability is not at all compromised by Board's absence.

Moreover, were Association correct in its assertion it is not liable, this action would be subject to dismissal for a reason completely independent of Rule 19(b). To resolve that liability question, of course, it would be necessary to examine not Rule 19(b) but rather Title VII and the facts of this case.[14]

Association also disguises (unsuccessfully) its second argument in an effort to make it appear relevant to the Rule 19(b) issue. Its Mem. 4–5 (citations omitted, emphasis in original) urges this Court need not be concerned that EEOC will have no alternative remedy if this action is dismissed, because it says EEOC has no right to a forum in any case:

> Where a governmental entity is involved ... Congress determined that the Attorney General *alone* shall represent the public in litigation.... Thus, only the Attorney General may sue to vindicate the public interest in cases involving governmental entities.

Again resolution of that issue requires examination of Title VII, not Rule 19(b). And were Association correct that Title VII precludes EEOC from suing Association in this case, that would constitute an independent ground for dismissal.

---

**12.** [Footnote by this Court] Association R. Mem. 8–9 attempts to distinguish *Northwest* on the ground the allegedly indispensable party in *Northwest* had not been named a party in the action. Because Association R. Mem. fails to identify why that distinction is relevant, this Court agrees with the response of *Anderson v. Local Union No. 3, International Brotherhood of Electrical Workers*, 582 F.Supp. 627, 631 (S.D.N.Y.), *aff'd*, 751 F.2d 546 (2d Cir.1984) to the same argument:

> We do not believe that the Court intended in these few lines [in *Northwest's* footnote 28, 451 U.S. at 93 n. 28, 101 S.Ct. at 1581 n. 28] to carve out a broad exception to the rule it otherwise developed with such care. Nor do we see any rationale supporting this proposed exception.

On appeal the Second Circuit agreed wholeheartedly, 751 F.2d at 548.

**13.** Neither side discusses whether *Board* would be prejudiced were this action to continue in its absence. Because the Attorney General has already declined to initiate an action against Board and it is too late for Briner-Schmidt to do so, no basis appears for a finding of prejudice to Board. And absent prejudice to either Association or Board, there is no need to turn to another Rule 19(b) consideration: the extent to which any such prejudice could be lessened or avoided by the shaping of relief or other measures.

**14.** To the extent Association's nonliability argument is based on the duty-of-fair-representation cases, it must be rejected in any event for reasons already identified in this opinion.

But more fundamentally, Title VII's language affords no basis for the assertion EEOC is not authorized to sue Association. Title VII says quite plainly (Section 2000e–5(f)(1)) (emphasis added):

[EEOC] may bring a civil action against *any respondent not a government, governmental agency, or political subdivision named in the charge.* In the case of a respondent which is a government, governmental agency, or political subdivision, if Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court.

Nothing could be broader than the term "any respondent," and Association identifies nothing in Title VII that would justify a narrower reading simply because Association may be jointly liable with a governmental agency for the alleged discrimination.

Indeed, the purpose of the statutory limitation on EEOC's power to sue governmental entities would not be undermined in any way were this Court to permit EEOC to sue Association. *Minor v. Northville Public Schools,* 605 F.Supp. 1185, 1190–91 (E.D.Mich.1985) describes that purpose:

Charges of discrimination against a governmental unit, however, were considered a special situation and congressional comment is replete with Congress' special concern that a federal administrative agency could possibly issue orders directly to a non-federal governmental unit. Congress sought to reduce "the possibility of friction that might be created by a Federal Executive agency issuing administrative orders to sovereign states and their subdivisions." 118 Cong.Rec. at 1170 (January 25, 1972). Congress responded to this concern by requiring that the Attorney General, rather than the EEOC, file civil actions and notify grievants of failure to conciliate when the respondent was a government, governmental agency, or political subdivision. *See,* 1972 U.S.Code Cong. & Adm.News, p. 2182.

EEOC does not seek to issue any order to Board in this case. Instead it wants the opportunity only to prove *Association* is liable for sex discrimination under Title VII and to recover damages from *Association* alone.

That leaves Association's third policy-related argument. It urges there would be many bad consequences were this Court to permit EEOC to sue Association and recover back pay for the affected teachers when the Attorney General has decided not to sue Board:

1. Association's members would (indirectly) bear the burden of any damage award against Association (Association Mem. 6).[15]

2. Such a lawsuit would disserve the public's interest in consistent and efficient resolution of disputes (*id.* at 8–9).

3. Association and Board would be deterred from voluntarily eliminating discriminatory provisions in future collective bargaining agreements (Association R.Mem. 6–7).

4. If Association provides back pay to the affected teachers, the alleged victims or Board (or both) would get a windfall (*id.* at 11–12).

Even if those contentions had merit,[16] they would not at all bear on a decision for or against dismissal under Rule 19(b) because of Board's absence. As this opinion has already discussed, Title VII gives EEOC the rights (a) to sue Association (but not Board) and (b) to recover damages if it proves Association violated Title VII by entering into a discriminatory collective bargaining agreement with Board. It is not for this Court to second-guess that congressional policy decision by vetoing

---

**15.** That of course would be true even were Board joined in this action (if Association then shared the burden of the damage award with Board, the impact would be reduced but still present).

**16.** This should not be taken as an expression either way on that subject.

those rights under the guise of Rule 19(b). Association's arguments about the bad consequences resulting from the present system should really be put to Congress, not this Court.

In sum, this Court finds "in equity and good conscience" (Rule 19(b)) this action should proceed as between EEOC and Association. In terms of who should be left "holding the bag" (Association R.Mem. 8) for Association's allegedly discriminatory acts, the present alternatives are Association or the innocent putative victims. That is really no contest. Just because Board is off the hook for its alleged participation in that claimed discrimination, there is no reason for saddling the victims rather than joint tortfeasor Association with the damages suffered by the victims.

### Attorney's Fees

Association R.Mem. 13 contends Association is entitled to attorney's fees under Title VII and Rule 11 because:

> any fair reading of the 1981 Contract establishes that it does not treat pregnancy less favorably than other disability.

Because Association's motion requested dismissal on procedural and not substantive grounds, this Court has not yet had occasion to examine the merits of EEOC's claim. Association's premature request for attorney's fees is denied.

### Conclusion

Association's motion to dismiss is denied. Its motion for attorney's fees is denied as premature—hence without prejudice.